10-2952-ag
Ching v. Holder

BIA
Schoppert, IJ
A094 925 429

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> GERARD E. LYNCH,
>  *Circuit Judges.*

_____

MIN CHING, ALSO KNOWN AS MINHUA CHEN,
         *Petitioner,*

         v.                                          10-2952-ag
                                                     NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:        Lewis Hu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl H. McIntyre, Assistant
                       Director; Steven F. Day, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Min Ching, a native and citizen of the People's Republic of China, seeks review of a June 24, 2010, order of the BIA affirming the January 7, 2009, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied Ching's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Ching,* No. A094 925 429 (B.I.A. June 24, 2010), *aff'g* No. A094 925 429 (Immig. Ct. N.Y. City Jan. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard, deferring to its credibility determination unless "no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see* 8 U.S.C. § 1252(b)(4)(B); *Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007).

2

Substantial evidence supports the agency's adverse credibility determination in this case. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ reasonably relied on inconsistencies and omissions between Ching's credible fear interview, asylum applications, testimony, and supporting affidavit from his wife regarding whether he had a physical altercation with family planning officials, was arrested, or had registered his second daughter. Ching's explanations that he was nervous and influenced by his culture do not compel us to find error in the IJ's decision. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit applicant's explanations for inconsistent testimony unless reasonable fact-finder would be compelled to do so).

Accordingly, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B). Because Ching's claims are all based on the same factual predicate, the agency's adverse credibility determination is a proper basis for denial of his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk